UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

MARK PENBERG,

        Plaintiff,

    -against-

HEALTHBRIDGE MANAGEMENT,

        Defendant.
----------------------------------------------------------X

**ORDER**
**08 CV 1534(SJF)(CLP)**

FEUERSTEIN, J.

On April 14, 2008, plaintiff Mark Penberg ("Plaintiff") initiated this action against defendant HealthBridge Management ("Defendant"), alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq., the Family Medical Leave Act, 29 U.S.C. §§ 2601 et seq., the New York State Human Rights Law, the New York City Human Rights Law, and the Massachusetts Fair Employment Act. On April 23, 2009, Defendant moved to amend its Answer to include counterclaims alleging breach of fiduciary duty and spoliation of evidence. Defendant also moved to dismiss Plaintiff's Complaint based upon Plaintiff's alleged spoliation of evidence. Pursuant to Referrals dated April 28, 2009 and June 3, 2009, a Report and Recommendation (the "Report") of United States Magistrate Judge Cheryl L. Pollak, dated March 29, 2010, recommended that: (i) Defendant's motion to dismiss be denied, but its request for attorney's fees and costs in connection with Plaintiff's spoliation of evidence be granted; (ii) Defendant's motion to amend its Answer to include a counterclaim for spoliation of evidence be denied; and

1

(iii) Defendant's motion to amend its Answer to include a counterclaim for breach of fiduciary duty be granted. No objections have been filed to the Report. For the reasons stated herein, the Report is accepted in its entirety.

I. Discussion

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. See Fed. R. Civ. P. 72(b); Baptichon v. Nevada State Bank, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), affd, 125 F. App'x. 374 (2d Cir. 2005); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

No objections have been filed to Magistrate Judge Pollack's Report. Upon review, the Court is satisfied that the Report is not facially erroneous. Accordingly, the Court accepts and

adopts Magistrate Judge Pollack's Report as an Order of the Court.

II.  Conclusion

For the foregoing reasons, the Report is accepted in its entirety, and (i) Defendant's motion to dismiss is denied, but its request for attorney's fees and costs in connection with Plaintiff's spoliation of evidence is granted, (ii) Defendant's motion to amend its Answer to include a counterclaim for spoliation of evidence is denied; and (iii) Defendant's motion to amend its Answer to include a counterclaim for breach of fiduciary duty is granted. Defendant is directed to submit an affidavit and supporting time records within two (2) weeks of the date of this Order.

**SO ORDERED.**

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: July 9, 2010
       Central Islip, New York

3